Kirkpatrick, C. J.
There was an order made by two justices to remove Hannah Hand, and her two sons William and Isaac, from the township of Springfield, in the county Of Essex, to the township of Elizabeth, in the same county. From this order there was an appeal to the Sessions of that county, and on hearing, the order was affirmed.
' The reasons assigned for quashing this order of affirmance, are,
Í, Because the court admitted illegal evidence.
II. Because they refused to quash the original order after the appellees had given evidence in the cause, on the supposition that the motion to quash came too late. •
III. Because the original order is defective in these three particulars, viz:
[*] l. That the ages of the children removed, are not stated in the order.
2. That there is no adjudication that the paupers were likely to become chargeable; and'
3. That there is no adjudication that Elizabeth is their last place of lawful settlement.
IV. Because the Court of Sessions were equally divided irt opinión, and therefore, there could be no' judgment.
Of these reasons, the third and fourth only; are insisted on in.the argument at the bar, the other two not having been made out in point of fact.
III. The third has relation to the order itself, and alledges it to be defective in the three particulars above stated. And in the first place, as to the first of these particulars, viz:
1st. That the order does not set'forth the ages of the two children. I observe, that where children are removed with their father or mother, in consequence of such father or mother’s- settlement:, there the order must sot forth the age of such children, ,to shew that they'could not themselves have gained any other settlement; or it must contain an express adjudication to that effect, to wit: that they have gained .no settlement themselves. But here the justices do not fake that course; they expressly adjudge the last legal settlement *361 of these children is in the township of Elizabeth, and then it is no matter what their ages are, they have an absolute settlement of their own. And to this effect is 3 Burn. 536, Poor, Removal.
2d. As to the second particular, viz. that the order does not contain an adjudication that the paupers were likely to become chargeable, it does not seem to me to be of much weight: It is true that the forms contained in the books, founded upon the 13 and 14 Car. 2, are so, or rather may be construed to be so, for they are not so in express terms. But our act is different from that in its phraseology. It says, if any overseer, &c. shall have [*] reason to believe that any person not having a legal settlement is likely to become chargeable. &c. he may inform any two justices, &c. and they are required to convene such person before them, and examine him on oath relating to his last place of legal set* tlement, and thereby finding the information to be true, that is the information as to his last legal settlement, they shall remove, &c.
Now it appears to me from this phraseology, that the likelihood of becoming chargeable is to be judged of by the overseers, and that the place of settlement only is to be enquired of by the justices. By the stat. of Car. one living on a tenement of the yearly value of £ 10 was irremoveable, and gained a settlement; and under that statute it was held, that living on a tenement under that value, and being likely to become chargeable, were convertible terms; or in other words that being removeable, and being likely to become chargeable is one and the same thing. And if so, the point is sufficiently adjudged in this order. — And as to the third particular, viz,
Sd. That there is no adjudication that the township of Elizabeth was the place of the last legal settlement of the paupers, it is not true in fact. The record contains an express adjudication on that point. — Upon this third reason therefore, containing those three particulars, I think the law is against the plaintiffs in certiorari.
IV. The fourth reason then will require our next consideration. It states that the court of Sessions were equally divided in opinion, aud that therefore there could be no judgment of affirmance. The words of the record as to this matter arc these — “The court after hearing the evidence and arguments of counsel on both sides, were equally divided in opinion; whereupon the order of removal was affirmed.’*
Whether the court thought an affirmance was the necessary consequence of their being divided in opinion, and ordered this entry to be made thereupon; or whether it is the wisdom of the clerk himself, who drew this [-*] conclusion *362 from it, does not appear. We find it of. record, and we must consider it.
'What the legal effect of an equal division on the bench is, has frequently become a question. And the not attending strictly to the subject matter under consideration, in the various cases wherein such division has been recorded, has created some perplexity. On a motion to set aside a judgment or discharge a rule, if therebe an equal division of the court, the judgment or rule remains in full force; and hence it has been argued that the same thing would take place on an appeal dr writ or error. But this is not so. For in the first case, the judgment or rule being once entered, it must have its full force, unless set aside or discharged by a judgment of the court, which upon an equal division never can be rendered. Biit in cases of appeal or error it is otherwise.— There the effect of the judgment below is wholly superseded by the writ itself. Nothing can be done until there is a new judgment, either upon the merits in appeal, or of affirmance or reversal in error, as the case may be. The judgment can neither affirm nor reverse itself. The court must pass upon it. And to this effect is the decision in 1 Str. 318, in the case of the duke of Hamilton and Branden. There indeed there was an affirmance by the request of the party against whom it was, in order that the matter might be carried up to a higher tribunal. And the court ordered a special note to be made to that effect. I am satisfied therefore, that this judgment of affirmance is unlawfully-entered, and must be quashed.
But inasmuch as it is not the course to send down the record to the Sessions for reconsideration, and inasmuch as there seems to be no lawful exception to the original order, nor to the proceedings of the justices, except what has here been considered; I think the original order must be affirmed.
Rossexx, J. — Was of the same opinion.
Pennington, J.
The first objection to this order of [*] removal which I shall take notice of, is, that the age of the children is not set out in the order. The law on that point is, that where children are removed with their parents, and no express adjudication as to the settlement of the children, their settlement being considered as consequential to the "settlement of their parents, then the age of the children must be set out in the order, that it may appear that they are of such tender years as not to have gained a settlement for themselves, 3 Burn’s J. 569, 570. But in this case the justices making the order, have adjudged in express terms, that the last legal Settlement of the children is in Elizabeth- *363 township, it was in this case unnecessary to set out the ages of the children, it being immaterial what their ages were; another objection is, that it is not set out in the order, that the paupers were likely to become chargeable to the township of Springfield, from whence they were removed. There is some difference in the language in this respect, between the English act of Parliament and our act of Assembly, and therefore the English adjudications are not so applicable as in other cases. But it appears to me that it ought to appear on the order, that the overseers of the poor applied to the justices and informed them, that they had reason to believe, that the persons who they required to be removed, were likely to become chargeable to the township, by name. This is said by the counsel for Springfield, to have been substantially done, by setting out in the order, that the persons were in such indigent circumstances as to need immediate assistance ; although this is too uncertain to be perfectly satisfactory, yet 1 should strive hard to get over this objection but for another which I take to be fatal, which is, that the order docs not contain an adjudication that the persons removed, were likely to become chargeable to the town from whence they were removed; this, in my opinion, is required by the act, and is in conformity with usage and settled precedents, and founded on the best reason; if this was not so, two justices might, on the application of two overseers of the poor, remove any man that [*] had not obtained a settlement, let his circumstances be what they would.
It is only in cases where a person is likely to become chargeable, that he is liable to be removed, and this fact must be examined into by the justices making the order, and adjudged to be so,, otherwise they have no authority to remove, nor is this a matter of form merely, hut substance ; and therefore not amendable by the statute. I am therefore of opinion, that both orders ought to be quashed.-
Judgment of affirmance by the Sessions quashed, and the original order of the justices affirmed.